FRANCIS TUTTLE vs. JOSEPH D. BROWN.

If one of the terms of a contract made through an agent is that a witness shall be called to the terms of the bargain, the terms, as repeated by the agent in the presence of the other party, or by the other party in his presence, to a witness called for the purpose, are admissible in evidence against his principal.

The purchaser of a cow said to the seller, after the sale, " You said the cow was all right;" to which the seller replied, " Well, she is all right." Held, that this was competent evidence of a warranty at the time of the sale.

Whether a statement, made by the seller of a cow, that " she is all right," is a warranty of her soundness, is a question for the jury.

In an action for the price of a chattel sold with warranty, the defendant is entitled to deduct any difference in the value of the chattel, resulting from a failure to conform with the warranty, although that will reduce the price below the actual value.

ASSUMPSIT for fifty dollars, the price of a cow sold by the plaintiff to the defendant.   Writ dated October 15th 1849.   The defence specified was that the sale was with warranty that the cow was sound in every respect; that she was not thus sound; that the defendant had tendered the plaintiff $37.50, the full value of the cow, and had brought that sum into court.

At the trial in the court of common pleas, before Hoar, J., the defendant admitted that he had purchased the cow from Edward Tuttle, the plaintiff's agent, for $50, and had received the cow; but stated his defence to be that the agent had warranted the

cow to be " all right," when in fact she was not sound, and was therefore worth only three fourths of the price.

A witness called by the defendant testified that the plaintiff's agent and the defendant together left the house of the witness to go to the pasture, two miles off, in which the cow was, and upon their return, one of them, (but which the witness could not remember,) said to him that Tuttle had sold the cow to Brown at the pasture for $50, with permission that she might remain in the pasture till she calved, and that she was all right; that he was called as a witness to the bargain by Tuttle or Brown, but he could remember no words nor the substance of any words calling him as such witness.

The plaintiff objected to this testimony, because the sale was made before the conversation, and because the declarations and conversation of the agent were not competent; but the judge admitted the testimony, and instructed the jury "that they would determine whether the sale was completed before the conversation to which the witness referred; that the declarations of an agent are not admissible against his principal, if made after his agency has terminated, nor unless made as a part of the *res gestæ* in the execution of his agency; but that if an agent is making a contract with another, and, the terms being agreed upon, it is agreed between them, during and as a part of the negotiation, that they shall call in a witness to the terms of the bargain, and they do so, and repeat the bargain before such witness, it will be evidence of the terms of the contract against the principal; and the jury would find first, whether the bargain was completed before the statements to which the witness testified were made, and if so, would disregard them; but if they were satisfied of the other alternative, they would then determine whether it was a substantive part of the agreement, and a warranty by the agent that the cow was ' all right,' and if so, what the parties understood, and what the agent intended the defendant should understand by that phrase · and whether the condition of the cow was such as to be a breacn of the warranty in that sense; and if so, to find how much less the cow was worth in her actual condition than she would have been without such defect."

The defendant offered, as evidence of a warranty at the time of the sale, the testimony of another witness to a conversation between the plaintiff and the defendant after the sale, in which the defendant said : " You said the cow was all right," to which the plaintiff replied, " Well, she is all right."

The plaintiff objected to its admission ; but it was admitted by the judge, with instructions to consider whether it was intended by the plaintiff as an admission of what had been agreed on at the time of the bargain ; and that if it was not, no declarations by the plaintiff, before or after the bargain, as to the condition or qualities of the cow, would be evidence of a warranty ; and directing them to ascertain the meaning from the whole conversation and the circumstances under which it occurred.

The plaintiff then contended that the words " the cow is all right " were not such words as would amount to a warranty of the soundness of the cow. But the judge refused so to rule, and left it to the jury, to determine in what sense the parties used the words, with the instructions before stated.

Under the defence specified in the answer and relied on at the trial, the plaintiff contended that, in case the jury found the warranty and the breach thereof, they should return as damages what the cow was reasonably worth ; but the judge declined so to instruct the jury.

The jury returned a verdict that the defendant owed the plaintiff, upon the cause of action declared on, $37.50 ; and that there was a valid tender of that sum before action brought ; and therefore found for the defendant.

*J. Q. A. Griffin*, for the plaintiff, to the point that the declaration testified to by the first witness was simply a narrative of a past transaction, and therefore inadmissible, cited *Haven* v. *Brown*, 7 Greenl. 423 ; *Garth* v. *Howard*, 8 Bing. 451 ; *Fairlie* v. *Hastings*, 10 Ves. 128 ; and to the point that the words, " she is all right," were mere words of commendation, and did not imply a warranty, *House* v. *Fort*, 4 Blackf. 296 ; Chit. Con. (8th Amer. ed ) 392.

*M. G. Cobb*, for the defendant.

This case was decided at October term 1856.

METCALF, J. The court are of opinion that the plaintiff has no legal ground of exception to any of the rulings or instructions at the trial.

1. The instruction to the jury as to the competency and effect of the conversation, on the day of the sale of the cow, between Edward Tuttle, the plaintiff's agent, and a witness called by the defendant, seems to us to have been precisely conformed to the law. 1 Greenl. Ev. § 113. *Stiles* v. *Western Railroad,* 8 Met. 46.

2. The conversation between the plaintiff and defendant, testified to by another witness called by the defendant, we think was rightly admitted, and that the instructions concerning it were correct. *Salmon* v. *Ward,* 2 Car. & P. 211, is directly to this point.

3. We are of opinion that it was rightly left to the jury to decide, under the instructions which had been given to them, whether the words " the cow is all right" were meant as a warranty of her soundness. Oliphant's Law of Horses, 78–81. 1 Parsons on Con. (1st ed.) 464, *note.* Long on Sales, (2d Amer. ed.) 125.

4. In an action for breach of warranty on a sale of chattels, the rule of damages is the difference between their actual value and the value which they would have borne if they had conformed to the warranty. *Reggio* v. *Braggiotti,* 7 Cush. 166. Mayne on Damages, 88. The rule is the same in an action for a deceit in the sale. *Stiles* v. *White;* 11 Met. 356. And the same principle is applied in a suit (like this) by the seller for the price of chattels warranted, but which do not conform to the warranty, and in a suit on a note given for the chattels. The plaintiff, in such case, can recover no more than the actual value of the chattels in their condition at the time of the sale. *Goodwin* v. *Morse,* 9 Met. 278. *Cothers* v. *Keever,* 4 Barr, 168. The instruction given on this point, in the present case, was therefore right. *Exceptions overruled.*